UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| LEROY CLIFFORD REDDEST,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:14-CV-05077-KES<br><br>ORDER DENYING § 2255 MOTION, GRANTING MOTION TO DISMISS, DENYING SUMMARY JUDGMENT, DENYING APPOINTMENT OF COUNSEL AND EVIDENTIARY HEARING |

Petitioner, Leroy Clifford Reddest, an inmate in the Federal Correctional Institution in Sandstone, Minnesota, moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1. The government opposes the motion and moves to dismiss. Along with his § 2255 motion, Reddest moves for summary judgment, an evidentiary hearing, and appointment of counsel. For the following reasons, the court denies Reddest's motions and grants the government's motion to dismiss.

**BACKGROUND**

On December 14, 2005, a federal grand jury indictment charged Leroy Clifford Reddest with three counts of aggravated sexual abuse in violation of 18 U.S.C. §§ 2241(a) and 1153 and three counts of sexual abuse of a minor in violation of 21 U.S.C. §§ 2243(a) and 1153. *United States v. Reddest*, CR 5:05-cr-50116-KES-1 (hereinafter "CR"), Docket 2. Reddest proceeded to trial, and a jury found him guilty of counts 1, 2, 4, 5, and 6. CR Docket 87. The court

entered judgment and sentenced Reddest to 292 months of imprisonment on counts 1 and 5, and 180 months on counts 2, 4, and 6, with the sentences running concurrent. CR Docket 100.

Reddest appealed this verdict. He argued "that the evidence [was] insufficient to support the jury's determination on count [4] (that he digitally penetrated the victim's genital opening) and that the district court erred by denying his motion for judgment of acquittal on all five counts." *United States v. Reddest*, 512 F.3d 1067, 1068 (8th Cir. 2008); CR Docket 120. The court of appeals upheld Reddest's convictions under counts 1, 2, 5, and 6, but it reversed and vacated his conviction under count 4. *Id.* at 1073. Under count 4, the district court had found Reddest guilty of "penetration of the genital opening." *Id.* The court of appeals held that the evidence did not support this verdict. During the victim's testimony at trial, in response to the question "He hadn't actually put any part of his hand in you, had he," she answered, "[N]o." *Id.* at 1072. The court of appeals concluded that "the Government did not meet its burden of proof as a matter of law; no reasonable jury could find Reddest guilty of penetration of the genital opening beyond a reasonable doubt based on the ambiguous and nonspecific evidence produced by the government." *Id.* at 1073. On April 14, 2008, the district court amended the judgment and vacated the conviction as to count 4. CR Docket 125. The amendment did not alter Reddest's sentence.

On October 23, 2014, Reddest moved to vacate, set aside or correct his sentence pursuant to § 2255. Docket 1. The government responded and

asserted that Reddest's petition should be dismissed. Docket 5. In its memorandum in support of the motion to dismiss, the government identifies five grounds raised in Reddest's petition. The court agrees that these grounds were raised in Reddest's petition, but also identifies two additional grounds that were set forth in Reddest's complaint for a total of seven. These are, briefly:

1. Reddest should be re-sentenced under *Paroline v. United States*, 134 S. Ct. 1710 (2014) and *Burrage v. United States*, 134 S. Ct. 881 (2014) because these cases announce new statutory maximums. His sentence is longer than these maximums and is now illegal.
2. Counts 1-5 of his indictment constitute repetitive and malicious charging and violate the Fifth Amendment's double jeopardy clause.
3. The government did not present sufficient evidence at trial to support a conviction. Specifically, the government did not prove that force or threats of force supported an aggravating sentencing factor, there was no circumstantial evidence of penetration to support conviction, the victim's psychological illness was inadmissible, the victim's testimony was coached and constituted perjury, and the important facts in the case are either inherently suspicious or can reasonably be explained in a way that shows Reddest was not guilty.
4. Reddest should not have received a ten-year sentence for count 1 because the evidence was insufficient, and the sentence was not supported by his criminal history.

5. The factors in 18 U.S.C. § 3553(a) were not considered during sentencing, specifically Reddest's history and characteristics, the need for deterrence, public safety, and his need for drug treatment.

6. The letters Reddest wrote admitting abusing and raping the victim were inadmissible evidence.

7. Reddest's trial counsel was ineffective.

Docket 1.

On January 20, 2014, Reddest moved for summary judgment. Docket 3. Reddest did not present any new arguments in this motion, but argued his petition was not successive, his claims did not arise until the *Burrage* and *Paroline* opinions were issued, which occurred after his one-year statute of limitations period under § 2255(f), and the court should not raise any non-jurisdictional defenses *sua sponte*. *Id.* On February 17, 2015, the government moved to dismiss Reddest's action for failure to state a claim (Docket 5), to which Reddest objected. Docket 8. Reddest also moves for an evidentiary hearing and appointment of counsel because his appellate counsel was ineffective. Docket 9. For the following reasons, the government's motion to dismiss is granted, and Reddest's motions are denied.

## LEGAL STANDARD

A § 2255 motion is the "statutory analog of habeas corpus for persons in federal custody." *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (citation omitted). A federal prisoner may seek relief from his sentence on the grounds that "the sentence was imposed in violation of the Constitution or

4

laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. Relief may be granted under § 2255 only for "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014) (citation omitted). "A § 2255 petition is not a second direct appeal and issues raised for the first time in a § 2255 petition are procedurally defaulted." *Meeks v. United States*, 742 F.3d 841, 844 (8th Cir.) *cert. denied*, 135 S. Ct. 169 (2014); 135 S. Ct. 198 (2014).

## DISCUSSION

Reddest's pro se § 2255 petition alleges several grounds for relief. Docket 1. The government argues Reddest's claims are time barred because they were not filed within a year of Reddest's final judgment, and they are procedurally defaulted. Docket 6 at 7-9. The government also contends that *Burrage* and *Paroline* are inapplicable. *Id.* at. 10. The court will first address the issues of procedural default and untimeliness.

### I. Procedural Default

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Jennings v. United States*, 696 F.3d 759, 762 (8th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 621 (1998)). An issue may not be raised in a § 2255 motion if it was not presented on direct appeal.

5

*Id.* Reddest raised only two issues on direct appeal: "that the evidence is insufficient to support the jury's determination on count IV (that he digitally penetrated the victim's genital opening) and that the district court erred by denying his motion for judgment of acquittal on all five counts." *Reddest*, 512 F.3d at 1068. Reddest did not raise claims 2, 4, 5, or 6 on direct appeal and cannot now raise them for the first time under § 2255. Reddest offers no explanation why these claims should not be dismissed.

Reddest's claims in ground 3 are also procedurally defaulted. Liberally construed, Reddest argues that the government did not present sufficient evidence at trial to convict him. In his direct appeal, the court of appeals reviewed the claims of insufficiency of the evidence and failure to grant judgment of acquittal under the same standard. *Reddest*, 512 F.3d at 1070. The court stated that with both claims it would "review the same evidence, view the evidence in the light most favorable to the Government, and ask the same legal question: whether the evidence is sufficient to permit a reasonable jury to conclude that the defendant is guilty beyond a reasonable doubt." *Id.* This issue was heard and resolved against Reddest on direct appeal. Reddest cannot use his habeas petition to relitigate the issue. *English v. United States*, 998 F.2d 609, 612 (8th Cir. 1993) (citing *United States v. Serpa*, 930 F.2d 639, 640 (8th Cir. 1991); *United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988)).

Even if this claim was not barred, it would fail on the merits. Reddest claims that because the victim lied during her testimony, her testimony should not be considered as the basis for his conviction. The jury at trial, however,

6

found the victim's testimony credible. A jury is " 'responsible for assessing the credibility of witnesses' and its credibility determinations 'are virtually unreviewable on appeal.' " *United States v. Armstrong*, 782 F.3d 1028, 1035 (8th Cir. 2015) (quoting *United States v. Thompson*, 560 F.3d 745, 748–49 (8th Cir. 2009)). There was also, contrary to Reddest's assertion, other evidence to support the verdict. The changes in the victim's behavior, her unprompted disclosure to health professionals, and Reddest's own statements support the verdict. CR Dockets 109 at 38-40; 110 at 3-4, 8, 12-13, 17-18, 27, 32-33. As a result, there was sufficient evidence at trial to convict Reddest.

In ground 7, Reddest claims that his counsel was ineffective. " 'Generally, ineffective assistance of counsel claims are better left for post-conviction proceedings' under 28 U.S.C. § 2255." *United States v. Long*, 721 F.3d 920, 926 (8th Cir.) *cert. denied*, 134 S. Ct. 448 (2013) (quoting *United States v. Cook*, 356 F.3d 913, 919 (8th Cir. 2004). Reddest's ineffective assistance claim is not, therefore, procedurally barred. The court will consider whether ground 7 is subject to § 2255's timeliness bar.

## II. Time Barred

"[T]he Antiterrorism and Effective Death Penalty Act of 1996 imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013). Sections 2255(f)(2)-(4) do not apply to Reddest's claims. The one-year period of limitation began when his judgment became final in January 2008 because his

7

right to appeal lapsed. § 2255(f)(1); CR Docket 121. Reddest filed his habeas petition more than six years later. Docket 1.

Under certain circumstances, § 2255's time bar can be overcome. "The one-year statute of limitation may be equitably tolled 'only if [the movant] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.' " *Muhammad*, 735 F.3d at 815 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Reddest neither shows diligence on his part nor argues that an extraordinary circumstance existed that prevented him from filing earlier. Therefore, his claims in grounds 2-7 are barred as untimely.

If Reddest's ineffective assistance of counsel claims were not barred, they would still fail. In his petition, Reddest does not provide any facts to support his claim of ineffective assistance of trial counsel. He does not show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In his motion for an evidentiary hearing and to appoint counsel, Reddest argues that appellate counsel was ineffective on two grounds: (1) failure to inform him that he had a right to appeal after the amended judgment was issued and (2) failure to inform him that he could petition the United States Supreme Court to grant certiorari. Docket 9 at 2. He does not show prejudice on either ground. The sentence in the amended judgment was within the statutory limitations. Under 18 U.S.C. § 2241(a), Reddest could be sentenced to "any term of years or life, or both." There is no constitutional right

to counsel for "a litigant seeking to file a certiorari petition in the United States Supreme Court." *Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008). Even if Reddest's ineffective assistance of counsel claims were not untimely, he does not sufficiently allege prejudice, and the claims fail.

    **III.   New Law in *Paroline* and *Burrage***

Reddest claims his sentence should be reduced due to a change in law. In general, prisoners cannot raise a claim in a § 2255 motion that was not raised on direct appeal. *Jennings*, 696 F.3d at 762. "An exception to this rule exists when 'new law has been made since the trial and appeal.'" *Grooms v. United States*, 556 F. App'x 548, 551 (8th Cir.) *cert. denied*, 135 S. Ct. 492 (2014) (quoting *Davis v. United States*, 417 U.S. 333, 342 (1974)). Reddest claims the "new law" in two Supreme Court cases makes his sentence illegal.

Reddest first claims that *Paroline*, 134 S. Ct. 1710, makes his sentence illegal. Reddest does not present an argument explaining how *Paroline* affects his sentence. The issue in *Paroline* was "how to determine the amount of restitution a possessor of child pornography must pay to the victim whose childhood abuse appears in the pornographic materials possessed." *Id.* at 1716. The Court held that the amount of restitution owed under § 2259 should be consistent with the defendant's relative role in the victim's injury. *Id.* at 1727. The issue of restitution bears no relevance to any of Reddest's complaints.

Reddest also claims that *Burrage*, 134 S. Ct. 881, makes his sentence illegal. In *Burrage,* the Supreme Court granted certiorari on two issues which

9

both concern the sentencing enhancement applicable in a drug case when the buyer later dies, but it is unclear to what degree the defendant's sale of the drugs contributed to the buyer's death. *Id.* at 886. The Court found that a defendant's sentence cannot be enhanced unless the drugs the defendant personally sold are a but-for cause of the death or injury. *Id.* at 892. Like Reddest, the defendant in *Burrage* argued that he should not be penalized by a sentence enhancement. The two cases have no other similarities. The statutes Reddest was sentenced under, §§ 2241 and 2243, have a mandatory minimum sentence of 15 years and no mandatory minimum sentence, respectively. *Burrage* and *Paroline* did not affect his sentence; this is merely another argument that the government did not present sufficient evidence at trial. *Burrage* and *Paroline* are irrelevant to Reddest's trial and sentence.

**IV.     Evidentiary Hearing**

A court must order an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the [petitioner] is entitled to no relief[.]" 28 U.S.C. § 2255(b). A hearing should not be held if petitioner's allegations, accepted as true, "are contradicted by the record, inherently incredible, merely conclusions, or would not entitle the petitioner to relief." *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012) (citing *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

Reddest's claims that the government did not present sufficient evidence for conviction are contradicted by the record. As discussed above, the government presented ample evidence to support conviction. The victim

10

testified to being raped and abused on multiple occasions. CR Docket 109 at 36-37, 39-41. The victim and her grandparents, whom she lived with, testified to changes the victim made in her behavior such as putting locks on her door, bathing and cleaning her clothes excessively, having nightmares, sleepwalking, and attempting suicide. CR Dockets 109 at 38, 40; 110 at 3-4, 8. A social worker testified that these changes can be indicators of sexual abuse and that reporting of sexual abuse is often delayed, as it was here. CR Docket 110 at 27. The professional who evaluated her after the suicide attempt and the psychiatrist at the hospital both testified that the victim's disclosure of the abuse was unprompted. *Id.* at 12-13, 17-18. The special agent who interviewed Reddest testified that Reddest admitted he had sex with the victim, and he apologized for it. *Id.* at 33. Reddest also wrote down his admission and apology during the interview. *Id.* The record contradicts Reddest's claim that the government did not present sufficient evidence for conviction.

Reddest's claim that *Paroline* and *Burrage* alter his sentence is inherently incredible. Those cases concern different issues than the issues presented in Reddest's petition. The defendants in *Paroline* and *Burrage* were sentenced under different statutes that are inapplicable to Reddest's sentence. For these reasons, Reddest request for an evidentiary hearing is denied.

## V. Certificate of Appealability

Before denial of a § 2255 motion may be appealed, a petitioner must first obtain a certificate of appealability from the district court. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A certificate may be issued "only if the applicant

has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that Reddest has not made a substantial showing that his constitutional rights were denied. Consequently, a certificate of appealability is not issued.

## CONCLUSION

Reddest's grounds 2-7 are time barred, procedurally barred, or both. The cases cited in ground 1 are irrelevant to Reddest's sentence. The court finds that an evidentiary hearing is not necessary and denies the issuance of a certificate of appealability. Accordingly, it is ORDERED that

1. The government's motion to dismiss (Docket 5) is granted.
2. Reddest's Motion to Vacate, Set Aside, or Correct his sentence (Docket 1) is denied.
3. Reddest's motion for summary judgment (Docket 3) is denied.
4. Reddest's motion to appoint counsel (Docket 9) is denied as moot.
5. Reddest's motion for an evidentiary hearing (Docket 9) is denied.
6. A certificate of appealability will not be issued.

Dated September 22, 2015.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE